



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. O. Godley, Chairman
State Board of Health
915 Medical Arts Building
Fort Worth, Texas

Dear Mr. Godley:

Opinion No. O-5281

Re: Dean of University of Texas
Dental School serving as a
member of the State Board
of Health.

This will acknowledge your letter of July 2, 1943, submitting for the consideration of this department the question whether the appointment of Dr. F. C. Elliott, Dentist Member of the State Board of Health, as Dean of the Dental School of the University of Texas, at Houston, affects the status of Dr. Elliott as a member of the State Board of Health.

The Dental College of the University of Texas, at Houston, constitutes a branch of the University of Texas for instruction in dental education. It is managed and controlled by the Board of Regents of the University of Texas. House Bill No. 278, 48th Legislature, Regular Session.

Article 16, Section 40, of the Constitution of the State of Texas, provides in part as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument. * * *."

A member of the State Board of Health holds a civil office of emolument. Vernon's Revised Civil Statutes, Article 4415a and Article 4417a.

The place of Dean of the Dental Branch of the University of Texas, however, is not a civil office. Mar-

Honorable L. O. Godley - page 2

tin v. Smith, 239 Wisc. 314, 1 N. W. (2) 163; Opinions of the Attorney General of Texas, 1912-1914, p. 873.

Since the place of Dean of the Dental Branch of the University of Texas is not a civil office of emolument, the acceptance and qualification for such place does not operate to vacate the civil office of member of the State Board of Health, under the provisions of Article 16, Section 40.

However, there is another applicable provision of the Constitution of the State of Texas, namely, Article 16, Section 33, which provision reads in part as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or the United States, except as prescribed in this Constitution. * * *."

As stated above, the place of member of the State Board of Health is a civil office of profit. It is, moreover, a civil office of honor and trust.

While the place of Dean of the Medical Branch is not a civil office, it is a position of honor, trust and profit, held under the State, and the occupant thereof, while not an officer, is an agent or appointee, within the meaning of Article 16, Section 33. Opinions of the Attorney General of Texas, 1912-1914, p. 873; Opinion No. 0-2607; Opinion No. 0-4562.

The result, therefore, is that Dr. Elliott may continue to hold and exercise the office of member of the State Board of Health, while he is at the same time Dean of the Dental Branch of the University of Texas, but for the period of time that he may hold both places he will not be entitled to salary or compensation for services rendered in either position. Opinions of the Attorney General of Texas, 1912-1914, p. 873; Opinion No. 0-2607.

Honorable L. O. Godley - page 3

Trusting that the foregoing satisfactorily answers your inquiry, we are

JUL 20, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN